# EXHIBIT C

1 CIT ESERVE

FILED
1/2/2024 12:00 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Danitra Brown DEPUTY

DC-24-00001

NO. _____

| | | |
|---|---|---|
| **PENNY ALEXANDA JACKSON,** | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff* | § | 191st |
| | § | |
| *vs.* | § | _____ JUDICIAL DISTRICT |
| | § | |
| | § | |
| **UNIVERSITY OF TEXAS** | § | |
| **SOUTHWESTERN MEDICAL CENTER** | § | |
| **SCHOOL OF MEDICINE,** | § | |
| *Defendant* | § | DALLAS COUNTY, TEXAS |

## ORIGINAL PETITION

TO THE HONORABLE COURT:

COMES NOW, Plaintiff, Penny Alexandra Jackson ("Plaintiff"), to file this *Original Petition* against the Defendant University of Texas Southwestern Medical Center School of Medicine ("University") as follows:

### A.   NATURE OF SUIT

1. At all times relevant, Plaintiff was a student attending the University. While under the supervision of Defendant, Plaintiff was discriminated against. Plaintiff's merit scholarship was rescinded in December of 2021 after receiving two incomplete grades. When Plaintiff was offered a scholarship from Defendant, the language regarding the conditions of the scholarship stated that more than one *failure* of a class could result in revocation of the scholarship. However, in spite of not receiving a failing grade but rather an incomplete grade, Plaintiff's scholarship was revoked. Plaintiff appealed this decision and her appeal was denied by Defendant. Plaintiff is an African-American woman with a disability.

2. In January of 2022, Plaintiff requested an accommodation from Defendant due to a disability. At that time, Defendant informed Plaintiff that accommodations did not

exist for her disability. Plaintiff was not accorded the accommodation that she requested until April of 2022. She was required to attend classes during that three-month period without an appropriate accommodation. Plaintiff was informed that a staff member of Defendant's contacted Plaintiff's doctor and told her doctor that they "didn't believe that anything was wrong with her."

3. In January of 2022, Plaintiff received a failing grade on an exam in her Muscoskeletal class. Plaintiff was initially informed by Defendant that she could not appeal her grade. Plaintiff was denied access to her exam which was necessary for Plaintiff to write a question-based appeal. Other students received a curve after the exam that changed their failing grade to a passing grade. When Plaintiff requested information as to which questions on the exam were "thrown out" to allow failing students to pass, Defendant would not respond substantively to Plaintiff's question.

4. In Plaintiff's Respiratory class, again the curve was not applied proportionately to all students and when Plaintiff requested information on the curve and how it was applied, her request was denied.

5. In June of 2022, Plaintiff was dismissed from the program.

6. Plaintiff suffered emotional distress and depression from these discriminatory acts.

7. Plaintiff now files this action for relief pursuant to 42 U.S.C. § 2000d et. seq., 42 U.S.C. § 12101 et. seq., 42 U.S.C. § 12131 et. seq. and 29 U.S.C. § 794 with regard to the violations of the laws of the United States, the denial of Plaintiff's equal protection rights, procedural due process violations, and substantive due process violations under the Fourteenth Amendment to the U.S. Constitution.

## B.   PARTIES

8.   Plaintiff is an individual residing in Texas.

9.   Defendant, University of Texas Southwestern Medical Center School of Medicine, is a public school district operating in the State of Texas as a political subdivision of the state of Texas.

## C.   SERVICE

10.   Defendant, University of Texas Southwestern Medical Center School of Medicine, is a public university located in Dallas County, Texas, and may be served with process by serving W.P. Andrew Lee, M.D., Executive Vice President for Academic Affairs and Provost, and Dean of UT Southwestern Medical School, 5323 Harry Hines Blvd., Dallas, TX 75390.

## D.   JURISDICTION and VENUE

11.   The jurisdiction of this Court is in accordance with 28 U. S. C. § 1331 as involving a *federal question* proceeding arising under 42 U.S.C. § 2000d et. seq. 42 U.S.C. § 12101 et. seq., 42 U.S.C. § 12131 et. seq. and 29 U.S.C. § 794.

12.   Venue is proper in Dallas County, Texas because Defendant's conduct occurred in Dallas County, Texas at the time of the incident. Venue is also proper in Dallas County, Texas because all of the behavior alleged occurred in Dallas County, Texas.

## E.   FACTUAL ALLEGATIONS

13.   Plaintiff was born on November 5, 1988.

14.   At all times relevant to this action, Plaintiff was a student attending University of Texas Southwestern Medical Center School of Medicine ("University").

## *The Discriminatory Acts*

15. Plaintiff's merit scholarship was rescinded in December of 2021 after receiving two incomplete grades. When Plaintiff was offered a scholarship from Defendant, the language regarding the conditions of the scholarship stated that more than one *failure* of a class could result in revocation of the scholarship. However, in spite of not receiving a failing grade but rather an incomplete grade, Plaintiff's scholarship was revoked. Plaintiff appealed this decision and her appeal was denied by Defendant. Plaintiff is an African-American woman with a disability.

16. In January of 2022, Plaintiff requested an accommodation from Defendant due to a disability. At that time, Defendant informed Plaintiff that accommodations did not exist for her disability. Plaintiff was not accorded the accommodation that she requested until April of 2022. She was required to attend classes during that three-month period without an appropriate accommodation. Plaintiff was informed that a staff member of Defendant's contacted Plaintiff's doctor and told her doctor that they "didn't believe that anything was wrong with her."

17. In January of 2022, Plaintiff received a failing grade on an exam in her Muscoskeletal class. Plaintiff was initially informed by Defendant that she could not appeal her grade. Plaintiff was denied access to her exam which was necessary for Plaintiff to write a question-based appeal. Other students received a curve after the exam that changed their failing grade to a passing grade. When Plaintiff requested information as to which questions on the exam were "thrown out" to allow failing students to pass, Defendant would not respond substantively to Plaintiff's question.

18. In Plaintiff's Respiratory class, again the curve was not applied proportionately to all students and when Plaintiff requested information on the curve and

how it was applied, her request was denied.

19. In June of 2022, Plaintiff was dismissed from the program.

### *Harm Suffered by Plaintiff*

20. The discrimination as to Plaintiff was harmful to her and she was permanently scarred emotionally and mentally as a result of being the victim of the Defendant's discriminatory actions and behavior.

21. Such emotional and mental harm certainly resulted in Plaintiff not being able to receive and benefit from the educational opportunities offered to the other students at Plaintiff's School.

22. As a direct result of Plaintiff being permanently scarred emotionally and mentally as a result of being the victim of the Defendant's discriminatory behavior and acts, Plaintiff's emotional and mental health is likely to continue to deteriorate.

23. Plaintiff expended time and money attending the University. Plaintiff availed herself of the appeals process provided by the University and was denied. Plaintiff's scholarship was rescinded and Plaintiff was dismissed from the program, denying her the opportunity to graduate with her peers and begin practicing medicine.

### F.   PLAINTIFF'S CAUSES OF ACTION

24. Plaintiff incorporates by reference the facts set forth in the foregoing ARTICLE D: GENERAL BACKGROUND hereof.

**COUNT ONE: DISCRIMINATION BASED ON RACE**

25. Section 2000d of Title 42 of the United States Code provides:

> "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial

assistance."

26. Note 2-202 of Section 2000d of Title 42 of the United States Code provides:

> "Education and training programs and activities' include, but are not limited to, formal schools, extracurricular activities, academic programs, occupational training, scholarships and fellowships, student internships, training for industry members, summer enrichment camps, and teacher training programs."

27. Defendant's described acts and omissions as to Plaintiff were discriminatory because she was excluded from a course required program or activity receiving Federal financial assistance when Defendant excluded her from the Shannon Medical Experience.

## COUNT TWO: DISCRIMINATION BASED ON DISABILITY

28. Section 794 of Title 29 of the United States Code provides:

> No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

29. Section 12101 and 12131 of Title 42 of the United States Code prohibit discriminatory acts by public entities against persons with disabilities.

30. The Congress finds that—

    (1) Physical or mental disabilities in no way diminish a person's right to fully participate in all aspects of society, yet many people with physical or mental disabilities have been precluded from doing so because of discrimination; others who have a record of a disability or are regarded as having a disability also have been subjected to discrimination.  42 U.S.C. § 12101.

31. 42 U.S.C. §12131 states:

    (1) **Public entity**

The term "public entity" means—

    (a) Any State or local government;

    (b) Any department, agency, special purpose district, or other instrumentality of a State or States or local government; and

    (c) The National Railroad Passenger Corporation, and any commuter authority (as defined in section 24102(4) of title 49).

    **(2) Qualified individual with a disability**

The term "qualified individual with a disability" means an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity.

32. 29 U.S.C. § 794 states:

    (d) Promulgation of rules and regulations

No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency

or by the United States Postal Service. The head of each as may be necessary to carry out the amendments to this section made by the Rehabilitation, Comprehensive Services, and Developmental Disabilities Act of 1978. Copies of any proposed regulation shall be submitted to appropriate authorizing committees of the Congress, and such regulation may take effect no earlier than the thirtieth day after the date on which such regulation is so submitted to such committees.

(e)    **"Program or activity" defined**

For the purposes of this section, the term "program or activity" means of all of the operations of—

(1)(A) a department, agency, special purpose district, or other instrumentality of a State or of a local government; or

 (B) the entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government.

(2)(A) a college, university, or other postsecondary institution, or a public system of higher education; or

(B) a local educational agency (as defined section 7801 of title 20(, system of career and technical education, or other school system;

(3)(A) an entire corporation, partnership, or other private organization, or an entire sole proprietorship—

    (i) if assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

    (ii) which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

  (B) the entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

  (4) any other entity which established by two or more of the entities described in paragraph (1), (2), or (3);

 Any part of which is extended Federal financial assistance."

33. Plaintiff has suffered physical, emotional, and psychological harm and damages as a result of the violations set forth herein and committed by Defendant entitling Plaintiff to damages for which Plaintiff now sues.

## G. REQUEST FOR JURY

34. Plaintiff hereby requests that a jury be empaneled, and, that theforegoing causes of actions and requests for relief be presented thereto.

## H. PRAYER FOR RELIEF

35. Wherefore, premises considered, Plaintiff prays that upon final consideration of this matter that Plaintiff have judgment against Defendant for:

  a. Monetary damages;

  b. Reasonable and necessary attorneys' fees;

  c. Taxable expenses of litigation and costs of court;and,

  d. Post-judgment interest at the maximum lawful rate.

36. Plaintiff further prays that Plaintiff receive suchother and further relief to which he may be justly entitled.

Respectfully submitted,

DUFFEE + EITZEN LLP
4311 Oak Lawn Avenue, Suite 600
Dallas, Texas 75219
Tel: (214) 416-9010
Fax: (214) 416-9005

/s/Marianne Howland
Marianne Howland
State Bar No. 20455693
Marianne@d-elaw.com
Attorney for Plaintiff