IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PENNY ALEXANDRA JACKSON, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No. 3:24-cv-0495-x |
| § | |
| UNIVERSITY OF TEXAS § | |
| SOUTHWESTERN MEDICAL CENTER § | |
| SCHOOL OF MEDICINE, § | |
| § | |
| *Defendant*. § | |

**PLAINTIFF'S BRIEF IN SUPPORT OF HER OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff asks the Court to deny Defendant's motion for summary judgment.

**A. INTRODUCTION**

1. Plaintiff, Penny Alexandra Jackson ("Plaintiff"); Defendant, University of Texas Southwestern Medical Center School of Medicine ("Defendant").

2. On January 2, 2024, Plaintiff sued Defendant in the 191st Judicial District Court of Dallas, County, Texas in Cause No. DC-24-00001, for discrimination based on race and disability.

3. On February 29, 2024, Defendant removed Plaintiff's suit to this U.S. District Court.

4. On November 15, 2024, Defendant filed a motion for summary judgment on all of Plaintiff's claims. (Dkt. 15)   On November 15, 20024, Defendant also filed a brief in support of its motion for summary judgment (Dkt. 16), Appendix part 1(Dkt-16-1), Appendix part 2 (Dkt-17), and Appendix part 3 (Dkt-17-1).

5. Summary judgment is improper in this case because there are genuine disputes of material fact on each element of Plaintiff's claim for race discrimination: Plaintiff was: (1) disabled within the meaning of the Rehabilitation Act; (2) subjected to an adverse action solely by reason of her disability; and (3) otherwise qualified for the program.

6. Summary judgment is improper in this case because there are genuine disputes of material fact on each element of Plaintiff's claim for disability discrimination: Plaintiff was: (1) a member of a protected group; (2) qualified for the position at issue; (3) suffered an adverse action; and (4) treated less favorably than other similarly situated individuals outside her protected group.

7. Summary judgement is also improper in this case because Plaintiff's claims are not barred by the applicable two-year statute of limitations period, and not all her claims for emotional damages have been foreclosed by the Supreme Court.

### B. STATEMENT OF FACTS

8. Defendant correctly cites some of the basic facts of this case in its Brief in Support of its Motion for Summary Judgment.

9. Plaintiff respectfully asserts that numerous material facts were omitted by Defendant and they are included supra.

### C. ARGUMENT

10. Although summary judgment is proper in a case in which there is no genuine dispute of material fact, this is not a case in which the Court should grant summary judgment. *Tolan v. Cotton*, 572 U.S. 650, 656–57 (2014); *see* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

11. A defendant moving for summary judgment on a plaintiff's claim must demonstrate the

absence of a genuine dispute of material fact by either (1) submitting summary-judgment evidence that negates the existence of a material element of the plaintiff's claim or (2) showing there is no evidence to support an essential element of the plaintiff's claim. *See Celotex Corp.*, 477 U.S. at 322–23; *Modrowski v. Pigatto*, 712 F.3d 1166, 1169 (7th Cir. 2013). Defendant cannot rely on conclusory statements to establish that Plaintiff has not presented evidence on an essential element of her claim. Rather, defendant must demonstrate the absence of a genuine factual dispute. *See Celotex Corp.*, 477 U.S. at 324–25. Only if Defendant meets her burden is Plaintiff required to respond by summary-judgment proof to show a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(e)(3).

12. In determining whether there is a genuine dispute of material fact that prevents summary judgment, a court must consider all evidence in the light most favorable to plaintiff as the nonmovant. *Tolan*, 572 U.S. at 656–57; *Forrest v. Parry*, 930 F.3d 93, 105 (3d Cir. 2019). The court must also resolve all reasonable doubts about the facts in favor of plaintiff as the nonmovant. *Tolan*, 572 U.S. at 656; *Cooper Tire & Rubber Co. v. Farese*, 423 F.3d 446, 455–56 (5th Cir. 2005).

**Plaintiff Qualified to Continue as a UTSW Medical Student**

13. Defendant incorrectly states, "A prima facie case under the Rehabilitation Act requires a plaintiff to show that she was … otherwise qualified for the program." Dkt. 16, p. 21, ¶ 1. Defendant cites *Duncan* for this assertion. Id. However, *Duncan* relies exclusively on two employment discrimination cases for this inaccurate application for education discrimination

cases.[1] Defendant also relies on this incorrect standard for Plaintiff's Title II claim. Dkt. 16, p. 21, ¶ 1.

14. Defendant incorrectly states, "To establish a prima facie case of discrimination under Title VI, a plaintiff must show…she was qualified for the position or program at issue." Dkt. 16, p. 21, ¶ 2. Defendant cites *Lan*, another employment discrimination case for this assertion. Id.

15. Defendant states, "The Fifth Circuit and other courts routinely find that a student who cannot meet her institution's academic requirements is not "qualified" and thus cannot sustain a discrimination claim." Dkt. 16, p. 22, ¶ 1. Defendant offers a string cite for this assertion including two Fifth Circuit cases and five U.S. District Court cases outside of Texas, four of which are outside of the Fifth Circuit.

16. *Reiss*, the single Fifth Circuit case published in the past 30 years cited by Defendant conditions its analysis on the student receiving the aid of reasonable accommodations.

17. Defendant failed to accommodate Plaintiff's disability until April 25, 2022. Dkt. 16, p. 18, ¶ 1. This was well after most of the Plaintiff's academic performance upon which Defendant relies for its assertion that Plaintiff was not qualified for the program. Although Defendant attempts to isolate its "qualified" analysis from Plaintiff's failure to accommodate claim, the two are clearly interdependent. Defendant argues that Plaintiff's failing grades made her "unqualified" for her education program, completely ignoring the claim that it was Defendant's failure to accommodate which caused Plaintiff's failing grades. Dkt. 16, p. 22, ¶ 1. This logic taken to its natural conclusion would mean that every instance in which a student with a disability failed classes due to a school's failure to provide accommodations to

---

[1] *McInnis v. Alamo Community College Dist.*, 207 F. 3d 276 (5th Cir. 2000), and *Soledad v. US Dept. of Treasury,*

that student, the student could not maintain a claim of discrimination because the student was not a "qualified" for the program.

18. A genuine dispute of the material fact exists as to whether Plaintiff is otherwise qualified for her program if she were provided with the aid of reasonable accommodations.

19. On this basis, Plaintiff asks the Court to deny Defendant's request for summary judgment based on Plaintiff's discrimination claims.

**UTSW Treated Similarly Situated Students More Favorably than Plaintiff**

20. Defendant states "[Plaintiff] cannot satisfy the "similarly situated" element of her claim without offering a scintilla of evidence. Dkt. 16, p. 23, ¶ 2.

21. Plaintiff repeatedly asserted concerns that at least some of her classmates were treated more favorably than Plaintiff. Defendant's Appx. 34, Transcript pp. 69-76; pp. 92-93; p. 96; pp. 106-108; p. 113; pp. 114-116; pp. 124; pp. 143-145 ; and pp. 147-148.

22. A genuine dispute of the material fact exists as to whether Plaintiff can satisfy the "similarly situated" element of her claim.

23. On this basis, Plaintiff asks the Court to deny Defendant's request for summary judgment based on Plaintiff's discrimination claims.

**UTSW Intentionally Discriminated Against Plaintiff**

24. Defendant states "To make the required showing, the plaintiff must establish 'that an official knew of the intentional discrimination but refused to stop it despite having authority to do so.'" Dkt. 16, p. 23, ¶ 2.

25. Defendant falsely limits Plaintiff's discrimination claims to two of Defendant's acts; the decision to rescind her scholarship and the decision to dismiss her from the program. Dkt.

---

304 F. 3d 500 (5th Cir. 2002)

16, p. 23, ¶ 3.  Defendant then limits its analysis to those two acts.  Id.

26. Plaintiff complains of disparate treatment compared to her peers repeatedly.  See supra ¶ 23.

27. A genuine dispute of the material fact exists as to whether Plaintiff can satisfy the "similarly situated" element of her claim.

28. On this basis, Plaintiff asks the Court to deny Defendant's request for summary judgment based on Plaintiff's discrimination claims.

**UTSW Failed to Accommodate Plaintiff's Disability**

29. Defendant would have the Court believe that the only relevant time period possibly related to its obligation to accommodate Plaintiff's disability is from March 23, 2022, through April 25, 2022.  Dkt. 16, p. 18, ¶ 1.

30. In fact, Defendant knew or should have known that Plaintiff had a disability because prior to Plaintiff attending Defendant university in the Fall of 2022, Plaintiff and Defendant discussed the fact that Plaintiff was the recipient of a Veteran's Affairs benefit only available to disabled veterans.  Defendant's Appx. 43, Transcript pp. 102-104.

31. Defendant would have the Court believe "[T]here is nothing that would indicate that [Defendant] delayed the accommodation process at all..."  Dkt. 16, p. 26, ¶ 2.

32. However, when Plaintiff reached out to Defendant requesting accommodations, Defendant told Plaintiff no accommodations existed for generalized anxiety.  Defendant's Appx. 41, Transcript pp. 96-97.

33. When Plaintiff persisted in her request, Defendant administered a test and informed Defendant that nothing was wrong with her.   Defendant's Appx. 41, Transcript pp. 96-97.

34. When Plaintiff continued to persist in her request, Defendant communicated with Plaintiff's medical provider repeatedly over the course of months before finally approving of the

requested accommodations. Defendant's Appx. 41, Transcript p. 100.

35. Defendant correctly cites for the Court the standard to state a failure-to-accommodate claim and cites *Pickett* for that citation. Dkt. 16, p. 25, ¶ 2. *Pickett* cites 42. U.S.C. § 12131 for the authority relevant to this case: "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." *Pickett* at 1025-26.

36. Instead of providing the Court with the correct definition for "qualified individual with a disability," from *Pickett* and 42. U.S.C. § 12131, Defendant instead attempts to convince this Court to use the wholly inapplicable definition regarding discrimination in employment claims and cites the employment case of *Clark* to that end. Dkt. 16, p. 25, ¶ 4, n. 137.

37. Applicable to the case at hand, the term ''qualified individual with a disability'' means an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity. 42 U.S.C. § 12131(2).

38. Defendant misapplies the definition of qualified individual with a disability to argue that Plaintiff's failing grades made her "unqualified" for her education program, completely ignoring the claim that it was Defendant's failure to accommodate which caused Plaintiff's failing grades. Dkt. 16, p. 25, ¶ 4. This logic taken to its natural conclusion would mean that every instance in which a student with a disability failed classes due to a school's failure to provide accommodations to that student, the student could not maintain a claim of

discrimination because the student was not a "qualified individual with a disability."

39. A genuine dispute of the material fact exists as to whether Plaintiff is a qualified individual with a disability, the disability and its consequential limitations were known by Defendant, and Defendant failed to make reasonable accommodations.

40. On this basis, Plaintiff asks the Court to deny Defendant's request for summary judgment based on Plaintiff's failure to accommodate claim.

**Statute of Limitations**

41. Defendant claims, "[Plaintiff's] Title VI, Rehabilitation Act, and Title II claims are subject to a two-year statute of limitations. [Plaintiff] filed this suit on January 2, 2024. This means that any claims for adverse acts that occurred prior to January 2, 2022 are time-barred. Noticeably, this forecloses [Plaintiff's] claim regarding the cancellation of her scholarship, which started accruing, at the latest, on December 21, 2021." (footnotes omitted). Dkt. 16, page 28, ¶ 1.

42. Defendant correctly cites authority stating, "[F]ederal law holds that the time of accrual is when plaintiff knows or has reason to know of the injury which is the basis of the action." Dkt. 16, pg. 28, footnote 155.

43. The "injury which is the basis of the action" is discrimination based on her race and disability. Appx. 8, ¶ 7.

44. Approximately two months prior to Defendant impermissibly rescinding Plaintiff's scholarship, Defendant confirmed to Plaintiff that a scholarship would not be renewed for "failure" or more than one course during the first semester. Appx. 145.

45. On December 15, 2021, Plaintiff's two failing classes were approved to be changed to "incomplete." Appx. 164.

46. Defendant stated to Plaintiff that at least one other student failed but was allowed to keep his scholarship.  Appx. 19, Transcript p. 9, lines 23-25 – Appx. 20, p. 10, lines 1-4.

47. After Defendant impermissibly rescinded Plaintiff's scholarship, on December 22, 2021, Defendant employees are reminded "Our Scholarship Policy …*now* includes requirements… based on academic…deficiencies."  Appx. 166.

48. Defendant did not deny Plaintiff's appeal of the rescission of her scholarship until December 28, 2021. Appx. 198.

49. In the Spring of 2022, Plaintiff took the classes Musculoskeletal and Skin, Respiratory System, and Cardiovascular.  Defendant's Appx, 632.

50. On February 1, 2022, Plaintiff appealed grades in these classes; grades assigned well after December 21, 2021.  Appx. 178.

51. Plaintiff became concerned that her Respitatory class director told the class appeals would not be permitted.  Defendant's Appx. 34, Transcript p. 69, lines 5-9.

52. Plaintiff became concerned about how some of her classmates' exams were scored compared to her own.  Defendant's Appx. 34, Transcript p. 69, lines 20-22.

53. Plaintiff became concerned about how grade appeals for the Spring 2022 semester were handled.  Defendant's Appx. 41, Transcript p. 96, lines 3-15.

54. On January 3, 2002, Plaintiff requested accommodations for her disability.  Dkt. 16, p. 26, n.139.

55. Defendant did not grant Plaintiff's requested accommodations until four months later on April 25, 2022. Dkt. 16, p. 17.

56. It was this conduct from Defendant after it rescinded Plaintiff's scholarship which made it clear that Defendant was discriminating against her based on her race and disability.

57. A genuine dispute of the material fact exists as to when Plaintiff knew or had reason to know of the injury which is the basis of the action.

58. On this basis, Plaintiff asks the Court to deny Defendant's request for summary judgment based on a statute of limitations.

**Emotional Damages**

59. Defendant claims "*Cummings* clearly establishes that emotional distress damages are not recoverable under Title VI." Dkt. 16, p. 30, ¶ 2.

60. *Cummings* is not a case involving Title VI, nor does it issue any rulings regarding Title VI cases. *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562 (2022).

61. Defendant does not rely on *Cummings* or any other Supreme Court case for its assertion that emotional distress damages are not recoverable under Title VI. Dkt. 16, p. 30, n.170.

62. Defendant does not rely on any 5th Circuit Court of Appeals, or any other U.S. Court of Appeals for that matter, case for its. assertion that emotional distress damages are not recoverable under Title VI. Dkt. 16, p30, n.170.

63. Defendant does not even rely on a U.S. District Court Northern District case for its assertion that emotional distress damages are not recoverable under Title VI. Dkt. 16, p. 30, n.170.

64. Defendant goes too far in its enticement to the Court to rely on other U.S. District Courts as binding authority on this Court.

65. On this basis, Plaintiff asks the Court to deny Defendant's request for summary judgment based on an application of Cummings to Plaintiff's Title VI claim.

### D. CONCLUSION

66. There are genuine disputes regarding each basis for Defendant's Motion for Summary

Judgment. For these reasons, Plaintiff asks the Court to deny Defendant's motion for summary judgment.

        Respectfully submitted,

        HOWLAND SHAKE LAW, LLP

        */s/ George H. Shake*
        George H. Shake
        Texas State Bar No. 24077524
        Federal ID No. 3684307
        17304 Preston Road, Suite 800
        Dallas, Texas 75252
        Tel: 469-371-4282
        Fax: 469-574-7660
        Email: george@howlandshakelaw.com
        Attorney for Plaintiff
        **ATTORNEY IN CHARGE**