UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PENNY ALEXANDRA JACKSON, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:24-CV-0495-X |
| UNIVERSITY OF TEXAS | § | |
| SOUTHWESTERN MEDICAL | § | |
| CENTER SCHOOL OF MEDICINE, | § | |
| | § | |
| *Defendant.* | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant University of Texas Southwestern Medical Center School of Medicine's (UT Southwestern) motion for summary judgment (Doc. 15). After carefully reviewing the briefing and applicable case law, the Court **GRANTS** the motion because Jackson has failed to establish a prima facie case for either her claim for racial discrimination or her claim for disability discrimination. A final judgment will follow.

### I. Factual Background

This is a discrimination case involving a former medical student. Plaintiff Penny Alexandra Jackson began medical school in the fall of 2021. Jackson failed multiple courses in her first year,[1] leading to her scholarship being revoked. At the beginning of her second semester, Jackson began the process to request an accommodation for her disability—generalized anxiety and OCD. After receiving the

---

[1] Two of these courses were changed to "incomplete" to allow for remediation. Doc. 16 at 11.

1

completed information and requested documentation, the school's Academic Accommodations Advisory Committee granted Jackson's accommodation request and gave Jackson extended time for exams in a reduced distraction environment. Jackson took her next final exam under the accommodation conditions and failed. Then, Jackson was dismissed from the program. UT Southwestern now moves for summary judgment on both of Jackson's claims.

## II.  Legal Standard

District courts can grant summary judgment only if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] A dispute "is genuine if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party."[3] Where a plaintiff presents circumstantial evidence of discrimination, compared to direct evidence, the discrimination claims are subject to the *McDonnell Douglas* burden-shifting framework.[4] This framework has been applied to other types of discrimination outside the Title VII context.[5] Under *McDonnell Douglas*, the plaintiff has the burden to make a prima facie showing of discrimination.[6] If the plaintiff successfully asserts a prima facie discrimination case, that raises a presumption of discrimination,

---

[2] Fed. R. Civ. P. 56(a).

[3] *Goodson v. City of Corpus Christi*, 202 F.3d 730, 735 (5th Cir. 2000) (cleaned up).

[4] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *see also Etienne v. Spanish Lake Truck & Casino Plaza, L.L.C.*, 778 F.3d 473, 475 (5th Cir. 2015) (recognizing that where a plaintiff only presents circumstantial evidence, the *McDonnell Douglas* test applies).

[5] *See, e.g., Houston v. Tex. Dep't of Agric.*, 17 F.4th 576, 585 (5th Cir. 2021) (applying *McDonnell Douglas* to FMLA discrimination claims); *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 349 (5th Cir. 2008) (applying *McDonnell Douglas* to Title II race discrimination claims).

[6] *McDonnell Douglas Corp.*, 411 U.S. at 802.

which the defendant may rebut by "articulat[ing] some legitimate, nondiscriminatory reason" for its actions.[7] If the defendant produces evidence that the perceived discriminatory treatment was justified by a "legitimate, nondiscriminatory reason," the burden then "shifts back to the plaintiff, who must show the articulated reason is pretextual."[8]

### III.    Analysis

The Court addresses Jackson's claims in two buckets: (1) her discrimination claims, and (2) her remaining failure to accommodate claim.

#### A.    Discrimination Claims & Prima Facie Case

For each of Jackson's discrimination claims, she must first establish a prima facie case of discrimination to survive summary judgment. Jackson's response appears to dispute that the *McDonnell Douglas* framework applies, but Jackson points to no on-point case law. Therefore, the Court will apply the *McDonnell Douglas* framework to Jackson's discrimination claims.

"To establish a prima facie discrimination claim under the ADA, a plaintiff must prove: (1) that he has a disability; (2) that he was qualified for the [program]; and (3) that he was subject to an adverse . . . decision on account of his disability."[9] To establish a prima facie case for race discrimination claim under Title VII, the plaintiff needs to demonstrate that he "(1) is a member of a protected group; (2) was qualified for the [program] at issue; (3) was discharged or suffered some adverse . . .

---

[7] *Rogers v. Pearland Indep. Sch. Dist.*, 827 F.3d 403, 408 (5th Cir. 2016) (cleaned up).

[8] *Thomas v. Johnson*, 788 F.3d 177, 179 (5th Cir. 2015).

[9] *E.E.O.C. v. LHC Grp., Inc.*, 773 F.3d 688, 697 (5th Cir. 2014) (cleaned up).

action by the [program]; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated [students] outside the protected group."[10] The Fifth Circuit has recognized the use of "the elements establishing a prima facie case of employment discrimination under Title VII" in other discrimination contexts.[11]

For each prima facie case, Jackson must prove she was qualified for the program. Assuming, without deciding, that Jackson can prove each remaining claim, Jackson provides no evidence she was qualified to remain in the program but instead argues that UT Southwestern failed to provide an accommodation, and the lack of accommodation caused her to fail her classes and be disqualified from the program. Jackson argues that "[a] genuine dispute of the material fact exists as to whether [Jackson] is otherwise qualified for her program if she were provided with the aid of reasonable accommodations."[12] Jackson points to no specific evidence to meet her prima facie burden that she was qualified to continue in the program. Instead, she attached her entire document production without citing to specific evidence in that production. "Judges are not like pigs, hunting for truffles buried in the record."[13] So Court is not required to sift through Jackson's entire document production to identify evidence that satisfies her burden. Because Jackson cannot demonstrate she is

---

[10] *Ernst v. Methodist Hosp. Sys.*, 1 F.4th 333, 339 (5th Cir. 2021) (cleaned up).

[11] *Fahim*, 551 F.3d at 350.

[12] Doc. 20 at 5.

[13] *United States v. del Carpio Frescas*, 932 F.3d 324, 331 (5th Cir. 2019) (per curiam) (cleaned up).

4

qualified for the program, her prima facie cases for both race discrimination and disability discrimination fail.

Jackson's prima facie case for race discrimination fails for an additional reason. Jackson does not provide evidence of a similarly situated individual. Jackson claims a "genuine dispute of the material fact exists as to whether [Jackson] can satisfy the 'similarly situated' element of her claim."[14] But Jackson must satisfy the element now to meet her prima facie case. Because Jackson fails to identify specific students who are similarly situated who are outside of her protected class, she fails to make her prima facie case. For this additional reason, Jackson's Title VI claim fails.

Because Jackson has failed to establish a prima facie case of racial discrimination or disability discrimination, her claims fail and the Court need not consider the subsequent steps of the *McDonnell Douglas* analysis.

### B.    Failure to Accommodate Claim

A prima facie case for a failure-to-accommodate claim requires a plaintiff to prove "(1) the plaintiff is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the covered employer; and (3) the employer failed to make reasonable accommodations for such known limitations."[15]

Jackson argues that UT Southwestern knew or should have known that she had a disability because she "discussed the fact that [she] was the recipient of a

---

[14] Doc. 20 at 5.

[15] *Amedee v. Shell Chem., L.P.*, 953 F.3d 831, 837 (5th Cir. 2020) (cleaned up); *Credeur v. Louisiana ex rel. Off. of Att'y Gen.*, 860 F.3d 785, 792 (5th Cir. 2017).

5

Veteran's Affairs benefit only available to disabled veterans."[16] She includes one citation to deposition testimony for this assertion.[17] Jackson's prima facie case requires UT Southwestern to have notice of "the disability and its consequential limitations."[18]

The Fifth Circuit has recognized that a failure-to-accommodate claim requires "at least actual knowledge that an accommodation is necessary."[19] "The requisite notice comes from the plaintiff's request for an accommodation" or from facts establishing the disability, limitation, and accommodation that are "open, obvious, and apparent to [UT Southwestern]'s relevant agents."[20] The Court disagrees with Jackson that UT Southwestern was on notice of Jackson's general anxiety because she received VA disability funding. But the evidence, including Jackson's own testimony, is clear that she first requested information on a disability accommodation in January 2022.

Jackson does not provide any evidence for the third prong, that UT Southwestern failed to provide her accommodation. Jackson instead argues that the absence of an accommodation led to her failing grades. But UT Southwestern did not have notice, for purposes of an ADA claim, until after Jackson's first semester of medical school. And when it did receive notice, it provided an accommodation.

---

[16] Doc. 20 at 6.

[17] Doc. 20 at 6 (citing Doc. 16-1 at Appx. 43).

[18] *See Amedee*, 953 F.3d at 837 (cleaned up).

[19] *J.W. v. Paley*, 81 F.4th 440, 450 (5th Cir. 2023) (cleaned up).

[20] *Id.* (cleaned up).

Because Jackson fails to prove her prima facie case, summary judgment is proper on her failure to accommodate claim.

## IV.  Conclusion

For the foregoing reasons, the Court **GRANTS** UT Southwestern's Motion for Summary Judgment.  A final judgment will follow.

**IT IS SO ORDERED** this 28th day of July, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE