IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PENNY ALEXANDRA JACKSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-495-X |
| | § | |
| UNIVERSITY OF TEXAS SOUTHWESTERN MEDICAL CENTER SCHOOL OF MEDICINE, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

In this discrimination lawsuit, the Court granted Defendant University of Texas Southwestern Medical Center School of Medicine's ("UT Southwestern") motion for summary judgment because Plaintiff Penny Alexander Jackson "failed to establish a prima facie case for either her claim for racial discrimination or her claim for disability discrimination." *Jackson v. Univ. of Tex. Sw. Med. Ctr. Sch. of Med.*, No. 3:24-cv-495-X, 2025 WL 2107997, at *1 (N.D. Tex. July 28, 2025), *aff'd*, 2026 WL 1165560 (5th Cir. Apr. 29, 2026).

Months after the Fifth Circuit affirmed, Jackson, now proceeding *pro se*, moved for relief under Federal Rules of Civil Procedure 60(b)(3) and 60(d)(3), arguing that documents responsive to her discovery requests were withheld and that this alleged misconduct prevented her from fully and fairly presenting her case. *See* Dkt. No. 39. The parties briefed this post-judgment motion, which the Court has referred to the undersigned United States magistrate judge. *See* Dkt. Nos. 40-42; 28 U.S.C. § 636(b).

And, for the following reasons, the Court should deny the motion.

**Discussion**

Jackson seeks post-judgment relief on the basis that UT Southwestern unfairly obtained its judgment (Rule 60(b)(3)) and committed fraud on the Court (Rule 60(d)(3)).

"One who asserts that an adverse party has obtained a verdict through fraud, misrepresentation or other misconduct has the burden of proving the assertion by clear and convincing evidence. The conduct complained of must be such as prevented the losing party from fully and fairly presenting his case or defense." *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978) (cleaned up); *accord Nat'l City Golf Fin. v. Scott*, 899 F.3d 412, 418-19 (5th Cir. 2018).

"[I]n order to set aside a judgment or order because of fraud upon the court under Rule 60(b) … it is necessary to show an unconscionable plan or scheme which is designed to improperly influence the court in its decision." *Rozier*, 573 F.3d at 1338 (quoting *England v. Doyle*, 281 F.2d 304, 309 (9th Cir. 1960)).

As such, "Rule 60(b)(3) is not intended to correct those outcomes which may be factually incorrect, but rather to protect against a party prevailing by unfair means." *Diaz v. Methodist Hosp.*, 46 F.3d 492, 497 (5th Cir. 1995) (citing *Johnson v. Offshore Exploration, Inc.*, 845 F.2d 1347, 1347 (5th Cir. 1988)).

Rule 60(d)(3) ratchets up the movant's burden. Because "[f]raud under Rule 60(d)(3) 'embraces the species of fraud which does or attempts to defile the court itself.'" *Jackson v. Thaler*, 348 F. App'x 29, 34 (5th Cir. 2009) (per curiam) (cleaned

up; quoting *Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 869, 872 (5th Cir. 1989)). And "only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute fraud on the court." *Id.* (cleaned up; quoting *Rozier*, 573 F.2d at 1338).

Jackson has not carried these heavy burdens.

Take for example that her motion in part relies on an allegation that a declaration UT Southwestern submitted in support of summary judgment omitted text communications, and, so, Jackson argues, "[t]he produced excerpt is visibly incomplete." Dkt. No. 39 at 2 (further arguing that "[a] party may not selectively produce a fragment of a communication thread, withhold the remainder, and submit a declaration from the very custodian who withheld it").

Only after responding to the summary judgment motion, *see* Dkt. Nos. 20 & 21, did Jackson's counsel raise this deficiency, in March 2025, *see* Dkt. No. 27 at 7, and then move to compel, *see generally id.*, a motion that the Court denied because it was filed months after discovery closed, *see* Dkt. No. 28.

Under such circumstances, Jackson has not shown that UT Southwestern obtained summary judgment through unfair means (much less that it committed fraud on the Court). *Cf. Tony's Towing, Inc. v. Louisiana*, No. 14-00176-BAJ-RLB, 2015 WL 1879573, at *2 (M.D. La. Apr. 23, 2015) ("Plaintiff next argues that it is entitled to relief under Rule 60(b)(3) due to Defendant's 'misconduct.' The Court finds this assertion equally unavailing. In support, Plaintiff highlights alleged 'delay tactics' by the Defendants in providing 'critical documents core to Plaintiffs claim.'

However, beyond filing a single Motion to Compel, which was ultimately dismissed per Plaintiff's request, there is no record of Defendant's noncompliance with discovery obligations in the record." (cleaned up)).

**Recommendation**

The Court should deny Plaintiff Penny Alexander Jackson's motion for post-judgment relief under Federal Rules of Civil Procedure 60(b)(3) and 60(d)(3).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 19, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE